# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| QUALIK HASSAN TISDALE, | No. 4:19-CV-01278 |
|---|---|
| Plaintiff. | (Judge Brann) |
| v. | |
| C. WHITMER, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### JULY 31, 2019

**I.     BACKGROUND**

Qualik Hassan Tisdale, currently a federal inmate, filed this civil rights action alleging that Defendants violated his Eighth Amendment rights by failing to protect him from an assault at the hands of his cellmate.[1] Tisdale alleges that Defendants knew that he and his cellmate were "not getting along" but failed to separate them.[2] Tisdale suffered a broken jaw as a result of the attack.[3] Tisdale has also filed a motion to proceed *in forma pauperis*[4] and, for screening purposes, that motion will be granted.

---

[1]   Doc. 1.

[2]   *Id.* at 3; *see id.* at 2-14.

[3]   *Id.* at 5.

[4]   Doc. 2.

## II. DISCUSSION

This Court has a statutory obligation to conduct a preliminary review of pro se complaints brought by plaintiffs who proceed *in forma pauperis*.[5] This obligation requires the Court to dismiss a complaint if it fails to state a claim upon which relief may be granted.[6] To determine whether a complaint states a plausible claim for relief, this Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor."[7]

"[T]he Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials 'a duty to protect prisoners from violence at the hands of other prisoners.'"[8] "Still, not 'every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety.'"[9]

> To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk

---

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Id.* § 915(e)(2)(B)(ii).

[7] *Alpizar-Fallas v. Favero*, 908 F.3d 910, 914 (3d Cir. 2018).

[8] *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012) (quoting *Farmer v. Brennan,* 511 U.S. 825, 833 (1994)).

[9] *Id.* at 367 (quoting *Farmer,* 511 U.S. at 834 (ellipsis omitted)).

2

to his health and safety, and (3) the official's deliberate indifference caused him harm.[10]

"Deliberate indifference in this context is a subjective standard: the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."[11] "A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety 'in the usual ways, including inference from circumstantial evidence' . . . [i]n other words, 'a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'"[12]

Even under the liberal standard of review granted to pro se litigants, the facts alleged here are insufficient to establish that Defendants were aware of an excessive risk to Tisdale's safety. Tisdale vaguely alleges that he was "having problems" with his cellmate and requested to be moved from his cell approximately ten days prior to the alleged attack.[13] Later in his complaint, Tisdale asserts that he "once . . . reported to [Defendants] that [he] didn't feel safe."[14] However, the United States Court of Appeals for the Third Circuit has previously held that such generalized and

---

[10] *Id.*

[11] *Id.* (internal quotation marks omitted).

[12] *Id.* (quoting *Farmer,* 511 U.S. at 842).

[13] Doc. 1 at 5.

[14] *Id.* at 13.

3

vague allegations cannot establish awareness of an excessive risk to inmate safety.[15] To state a claim Tisdale must provide more specific allegations regarding who he told about the threat that he faced and what he specifically told them. Thus, although the Court will dismiss this complaint, because it is not clear that amendment would be futile, Tisdale will be provided an opportunity to amend his complaint.[16]

## III. CONCLUSION

For the foregoing reasons, this Court will grant Tisdale's motion to proceed *in forma pauperis* but dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[15] *See Jones v. Beard*, 145 F. App'x 743, 745 (3d Cir. 2005) (summary judgment appropriate because, although plaintiff "told several guards during September 2002 that he and [his cellmate] were not getting along and asked whether he could be moved into a new cell . . . the record is devoid of evidence establishing that [plaintiff] articulated specific threats of serious harm, or that he made multiple complaints about [his cellmate] to any one guard).

[16] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).