## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUALIK HASSAN TISDALE, | No. 4:19-CV-01278 |
| Plaintiff, | (Judge Brann) |
| v. | |
| C. WHITMER, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### JULY 10, 2020

Plaintiff Qualik Hassan Tisdale, a prisoner presently confined at the United States Penitentiary at McCreary in Pine Knot, Kentucky, filed an amended complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*[1] alleging that Defendants C. Whitmer, R. Antonacci, and L. Gee failed to protect him from an assault by another inmate that occurred on or about June 8, 2018, in violation of the Eighth Amendment.[2]  Presently before the Court is Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment, which is ripe for adjudication.[3]  For the reasons that follow, the Court will grant the motion.

---

[1]   403 U.S. 388 (1971)

[2]   Doc. 12.  The assault occurred while Plaintiff was incarcerated at the United States Penitentiary at Allenwood, in White Deer, Pennsylvania.

[3]   Doc. 19.  The Court converted the motion to one for summary judgment limited to the issue of exhaustion of administrative remedies, and provided the parties an additional thirty days in which to submit any supplemental briefing.  *See* Doc. 23.

## I.   FACTUAL BACKGROUND

The Bureau of Prisons ("BOP") maintains computerized indices of all administrative remedies filed by inmates through its Institution, Regional, and Central Offices, so that it may verify whether an inmate has exhausted administrative remedies regarding a particular issue.[4]   A review of the BOP's Prisons' SENTRY records system indicates that Plaintiff filed a total of eighteen administrative remedies during his incarceration with the BOP.[5]   Of the administrative remedies filed by Plaintiff, four relate to the June 2018 assault at issue in the amended complaint.[6]   Although Plaintiff submitted BP-9, 10, and 11 administrative remedies at the Warden, Regional, and Central Office levels, his initial claim was not submitted until September 18, 2018, over three months after the incident.[7]   The initial administrative remedy request must be filed within twenty (20) days following the date on which the basis for the request occurred.[8]

The BOP rejected Plaintiff's administrative remedies as untimely and advised him that he could resubmit his remedy along with a staff memorandum explaining the reason for the late filing.[9]   Plaintiff failed to resubmit his administrative remedy

---

[4]   Doc. 20 at 3.
[5]   *Id.*
[6]   *Id.*
[7]   *Id.*
[8]   *Id.* at 2 (citing 28 C.F.R. § 542.14(a)).
[9]   *Id.* at 4.

with a staff memorandum to explain the reason for the late filing.[10]  Instead, Plaintiff

initiated this lawsuit.[11]

    After the Defendants filed the instant motion on the basis of the failure to

exhaust, Plaintiff filed an opposition, in which he explains the reasons for his

untimely filing.[12]  Specifically, Plaintiff states that from approximately June 8, 2018,

to June 14, 2018, Plaintiff was hospitalized as a result of the assault.[13]  Then, Plaintiff

says he was housed in the special housing unit until August 1, 2018, although it is

not clear how this housing assignment affected his ability to file a grievance.[14]

Finally, Plaintiff states that he first filed an informal staff grievance, a BP-8,

sometime after he was released from the special housing unit, however he never

received a response to that grievance.[15]  According to Plaintiff, after twenty (20)

days and not having received a response from the informal staff grievance, Plaintiff

filed his formal grievance, a BP-9, on September 18, 2018.[16]

## II.    Standard of Review

    Summary judgment should be granted when the pleadings, depositions,

answers to interrogatories, admissions on file, and affidavits show that there is no

genuine dispute as to any material fact and that the moving party is entitled to a

---

[10]  *Id.*
[11]  *Id.*
[12]  *See* Doc. 26.
[13]  *See id.*
[14]  *See id.*
[15]  *See id.*
[16]  *See id.*

judgment as a matter of law.[17]  A disputed fact is material when it could affect the outcome of the suit under the governing substantive law.[18]  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[19]  The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor.[20]  When the non-moving party fails to refute or oppose a fact, it may be deemed admitted.[21]

Initially, the moving party must show the absence of a genuine issue concerning any material fact.[22]  Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."[23]  "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla."[24]  "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion.[25]

---

[17]   Fed. R. Civ. P. 56(c).

[18]   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[19]   *Id.* at 250.

[20]   *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[21]   *See* Fed. R. Civ. P. 56(e)(2); Local R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").

[22]   *See Celotex Corp. v. Carrett*, 477 U.S. 317, 323 (1986).

[23]   *Anderson*, 477 U.S. at 257.

[24]   *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251).

[25]   Fed. R. Civ. P. 56(e)(2)-(3).

If the court determines that "the record taken as a whole could not lead a rational trier or fact to find for the non-moving party, there is no 'genuine issue for trial.'"[26] Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[27]

A thorough and comprehensive review of the record makes clear that no material fact is in dispute as to the dispositive issues in this case. Although Plaintiff provides an explanation for why his administrative remedies were filed late in his response to the statement of facts, such is inapposite to the dispositive issues in this case. As such, summary judgment is appropriate here.

## III.   DISCUSSION

Defendants argue, *inter alia*, that Plaintiff has failed to exhaust his administrative remedies, which then bars his Eighth Amendment claim. A review of the record demonstrates that although Plaintiff went through the grievance process, those grievances were rejected as untimely and Plaintiff failed to resubmit his grievance with a memorandum from staff explaining the lateness of his grievances.

---

[26]   *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

[27]   *Celotex Corp.*, 477 U.S. at 322.

5

Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under
section 1983 of this title, or any other Federal law, by a prisoner
confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted.

Exhaustion, as a precondition for bringing suit, is a "'threshold issue that courts must
address to determine whether litigation is being conducted in the right forum at the
right time.'"[28]  "[T]he . . . exhaustion requirement applies to all inmate suits about
prison life, whether they involve general circumstances or particular episodes, and
whether they allege excessive force or some other wrong."[29]  A prisoner must
exhaust all available administrative remedies even where the relief sought, such as
monetary damages, cannot be granted through the administrative process, as long as
the grievance tribunal has authority to take some responsive action.[30]

The applicable procedural rules for properly exhausting administrative
remedies "are defined not by [§ 1997e(a)], but by the prison grievance process itself.
Compliance with prison grievance procedures, therefore, is all that is required by [§
1997e(a)] to 'properly exhaust.'"[31]  The burden of proving non-exhaustion lies with
the defendants asserting the defense.[32]  A court evaluating the "threshold" issue of

---

[28] *Small v. Camden County*, 728 F.3d 265, 270 (3d Cir. 2013).
[29] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).
[30] *Booth*, 532 U.S. at 741.
[31] *Jones v. Bock*, 549 U.S. 199, 218 (2007).  *See Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d
Cir. 2010) ("[W]hether a prisoner properly exhausted a claim is made by evaluating
compliance with the prison's specific grievance procedures.").
[32] *Jones*, 549 U.S. at 212, 216–17.

exhaustion looks at whether the inmate "compli[ed] with the prison's specific grievance procedures" and whether those procedures were available to the inmate.[33]

The BOP's Administrative Remedy Program is a multi-tier process that allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."[34]  The inmate first must attempt to informally resolve his issue with the institutional staff.[35]  If informal resolution fails or is waived, the inmate then may submit a formal Administrative Remedy Request on the appropriate BP–9 form within twenty calendar days following the date for which the basis for the request occurred.[36]  If the inmate is unsatisfied with the warden's response to his Administrative Remedy Request, he may submit an appeal on the BP–10 form to the appropriate Regional Director within twenty calendar days of the date the warden signed the response.[37]  An inmate who is not satisfied with the Regional Director's response may then appeal to the General Counsel on the appropriate BP–11 form within thirty calendar days of the date the Regional Director signed the response.[38] An inmate's appeal to the General Counsel is the final administrative appeal.[39]  Thus, to satisfy the PLRA's exhaustion requirement, a federal inmate must complete each

---

[33]  *Rinaldi v United States*, 904 F.3d 257, 265 (3d Cir. 2018) (quoting *Drippe*, 604 F.3d at 781, and *Small*, 728 F.3d at 269-71).
[34]  28 C.F.R. § 542.10.
[35]  *See id.* § 542.13(a).
[36]  *See id.* § 542.14(a).
[37]  *See id.* § 542.15(a).
[38]  *See id.*
[39]  *See id.*

step of the BOP's administrative remedy process, which is not considered complete until an inmate's final appeal is considered by the Central Office.[40]

In Defendants' statement of facts and Plaintiff's response to it, it is clear and undisputed that while he was incarcerated at USP Allenwood, Plaintiff attempted to exhaust his claim by filing a grievance regarding the June 2018 incident and then later appealing it through the BOP's Central Office.  The grievance was rejected as untimely, and that determination was upheld through the delineated levels of appeals.  This determination of untimeliness and Plaintiff's decision not to resubmit his grievance with a staff memorandum explaining the reason for the untimely grievance renders his Eighth Amendment claim unexhausted because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."[41]

Plaintiff offers a few explanations for his untimely filing, including being hospitalized for six days, remaining in the special housing unit for approximately a month, and filing an informal grievance with a staff member, to which staff never responded.[42]  The Court lacks the discretion to excuse any such failure based on these explanations.

---

[40]   *See* 28 C.F.R. §§ 542.14-542.15; *Rinaldi*, 904 F.3d at 265; *Schreane v. Marr*, 722 F. App'x 160, 164 (3d Cir. 2018).

[41]   *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

[42]   It is unclear to the Court how some of these explanations, such as being housed in the special housing unit, would have impacted Plaintiff's ability to timely file a grievance.

Case 4:19-cv-01278-MWB-MA   Document 30   Filed 07/10/20   Page 9 of 11


The PLRA "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit."[43]  The text "suggests no limits on an inmate's obligation to exhaust—irrespective of 'special circumstances.'"[44]   "[T]hat mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account."[45]  Therefore, the Court is unable to take Plaintiff's special circumstances into account to excuse his failure to exhaust.

That does not end the Court's inquiry, however, as I must also consider whether the applicable administrative remedies were "available" to Plaintiff for his unexhausted claim.  In *Ross v. Blake*,[46] the Supreme Court most recently outlined the three instances in which remedies would not be "available" such that exhaustion may be excused: (1) when an administrative procedure "operates as a simple dead end with officers unable or consistently unwilling to provide relief to aggrieved inmates;" (2) where the administrative remedies are so unclear that "no ordinary prisoner can make sense of what it demands;" and (3) where prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."[47]

---

[43]   *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016).  *See also Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.").

[44]   *Ross*, 136 S. Ct. at 1856.

[45]   *Id.* at 1856-57.

[46]   136 S. Ct. 1850 (2016).

[47]   *Id.* at 1859-60.  *See also Rinaldi*, 904 F.3d at 266-67.

Here, Plaintiff makes no argument that he falls under one of these three categories, nor would they appear to apply to the undisputed facts presented in the motion or to the explanations for his untimeliness that he provides in his opposition. First, there is no evidence that the administrative remedy procedure at USP Allenwood operates as a dead end. Plaintiff has utilized the process multiple times before, and furthermore, the response to the grievance directing Plaintiff to resubmit his grievance with an explanation for the untimeliness indicates a clear willingness to consider his grievance. It was Plaintiff who chose to abandon the process and file suit. Second, the administrative remedy procedure is not so unclear as to be unavailable, because Plaintiff has utilized it before, and, in this instance, he utilized it correctly aside from his untimely filings. The directions in the BOP's Administrative Remedy Program appear to be clear, and easy to read and follow. Finally, there are simply no facts to suggest that prison officials seek to thwart the use of the grievance system at USP Allenwood. Although Plaintiff states that he did not resubmit his grievance with a staff memorandum explaining the untimeliness of his filing because he does not think a staff member would write such an explanation, Plaintiff offers no proof that he ever reached out to a staff member to request such a memorandum or that such a request was refused. Plaintiff's assumption regarding how a staff member might react to a request never made is insufficient to render the grievance process unavailable.

"[O]nce the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him."[48]  Plaintiff has failed to establish that such remedies were unavailable to him.  Accordingly, this Court finds that as a matter of law, Plaintiff failed to exhaust the administrative remedies that were available to him, as he is required to do by § 1997e(a) prior to filing suit as to all issues raised in the amended complaint, and will grant Defendants' motion for summary judgment as to those issues.

## IV.    CONCLUSION

Based on the foregoing, the motion to dismiss, or in the alternative, for summary judgment will be granted.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[48]  *Rinaldi*, 904 F.3d at 268.